**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CADEN COX, by and through**
**MARI COX,**

**Plaintiff,**

v.

**Civil Action 2:23-cv-1598**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Jolson**

**HOCKING COLLEGE BOARD**
**OF TRUSTEES, et al.,**

**Defendants,**

**MEMORANDUM OF FIRST PRETRIAL CONFERENCE**

This matter came before the Court on July 5, 2023 at 10:30 a.m., at the First Pretrial Conference pursuant to notice and in accordance with Rule 16 of the Federal Rules of Civil Procedure.  Counsel appeared as follows:

For Plaintiff:

Mark Weiker

For Defendants Hocking College Board of Trustees and Betty Young:

Mia Yaniko

The following matters were considered:

CONSENT TO MAGISTRATE JUDGE

The parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

INITIAL DISCLOSURES

The parties shall exchange initial disclosures by August 31, 2023.

VENUE AND JURISDICTION

There are no contested issues related to venue or jurisdiction at this time.

PARTIES AND PLEADINGS

Any motion to amend the pleadings or to join additional parties shall be filed by December 22, 2023.

ISSUES

Plaintiff was a student at Hocking College.  While attending Hocking College, Plaintiff was also employed by the College in the Student Recreation Center.  Defendant Kmosko was Plaintiff's supervisor.  Plaintiff alleges that Defendant Kmosko discriminated against him on the basis of disability, physically assaulted him, and harassed him.  Plaintiff further alleges that the Hocking College Board of Trustees and Hocking College's President, Defendant Dr. Betty Young, failed to appropriately address Defendant Kmosko's conduct, and that Defendant Dr. Young retaliated against Plaintiff for reporting Defendant Kmosko's conduct.

Plaintiff's complaint alleges the following causes of action:
1. Disability Discrimination under Americans with Disabilities Act- 42 USC §12131 et seq.
2. Disability Retaliation under Americans with Disabilities Act- 42 USC §12131 et seq.
3. Violation of Section 504 of the Rehabilitation Act of 1973- 29 USC §794 et seq.
4. Disability Retaliation in Violation of Section 504 of the Rehabilitation Act of 1973- 29 USC §794 et seq.
5. Supervisory Liability 42 USC §1983.
6. Violation of Right to Bodily Integrity Under the Fourth and Fourteenth Amendments to the United States Constitution- 42 USC §1983.
7. Unlawful Disability Discrimination - ORC §4112.002.
8. Intentional Infliction of Emotional Distress.
9. Assault.

The Complaint includes a jury demand.

DISCOVERY PROCEDURES

All discovery shall be completed by June 28, 2024.  For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.  To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

The parties intend to produce ESI, along with any other discovery materials, in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.  Should a protocol regarding production of ESI become necessary, the parties will meet and confer to discuss the same.

Any proposed protective order or clawback agreement shall be filed with the Court by September 1, 2023.  A Word version of the proposed protective order should be sent to jolson_chambers@ohsd.uscourts.gov, and any provision related to sealing must comply with S.D. Ohio Civ. R. 5.2.1.

DISPOSITIVE MOTIONS

Any dispositive motions shall be filed by August 30, 2024.

EXPERT TESTIMONY

Primary expert reports must be produced by February 28, 2024.  Rebuttal expert reports must be produced by April 30, 2024.  If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties.  If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties.  Pursuant to Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

SETTLEMENT

Plaintiffs will make a settlement demand by September 30, 2023.  Defendant will respond by October 31, 2023.  The parties agree to make a good faith effort to settle this case.  The parties understand that this case will be referred to an attorney mediator for a settlement conference in March 2024.  In order for the conference to be meaningful, the parties agree to complete all discovery that may  affect their ability to evaluate this case prior to the settlement conference.  The parties  understand that they will be expected to comply fully with the settlement order which  requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

OTHER MATTERS

Defendant Kmosko was charged and found guilty of menacing in the Athens County Municipal Court as a result on the May 12, 2022 incident that is part of this underlying Complaint. This matter is currently being appealed.  Plaintiffs are making efforts to serve Defendant Kmosko.

If the foregoing does not accurately record the matters considered and the agreements reached at the conference, counsel shall immediately object in writing.  If any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day.

IT IS SO ORDERED.


Date:   July 5, 2023                                    /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE