**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CADEN COX, by and through his next friend and mother, MARI COX** | : | |
| | : | |
| *Plaintiff,* | : | **Case No. 2:23-cv-01598** |
| | : | |
| **v.** | : | **Judge Edmund A. Sargus** |
| | : | |
| **HOCKING COLLEGE BOARD OF TRUSTEES,** *et al.* | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| *Defendants.* | : | |

---

**DEFENDANTS HOCKING COLLEGE BOARD OF TRUSTEES'**
**AND PRESIDENT BETTY YOUNG'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

---

Now come Defendants Hocking College Board of Trustees and President Betty Young (collectively the "Hocking College Defendants"), to respond to Plaintiff's Complaint as follows:

1. In response to the paragraphs titled "Overview" preceding Paragraph 1 of Plaintiff's Complaint, the Hocking College Defendants admit that these paragraphs purport to be an overview of Plaintiff's claims, and otherwise deny the allegations contained therein. Answering further, in response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, the Hocking College Defendants admit that the Complaint alleges claims under the Fourth and Fourteenth Amendments of the United States Constitution, Title II of the Americans with Disabilities Act of 1990, and Section 504 of the Rehabilitation Act of 1973. The remaining allegations in Paragraph 1 state legal conclusions to which no response is required.

2.      Paragraph 2 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 2 states legal conclusions to which no response is required.

3.      Paragraph 3 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 3 states legal conclusions to which no response is required.

4.      As to the allegations contained in Paragraph 4 of Plaintiff's Complaint, the Hocking College Defendants admit that Plaintiff's allegations include allegations of discrimination by Defendant Kmosko.  The Hocking College Defendants deny any remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      The Hocking College Defendants deny the allegations in Paragraph 5 of Plaintiff's Complaint.

6.      The Hocking College Defendants deny the allegations in Paragraph 6 of Plaintiff's Complaint.

7.      The Hocking College Defendants deny the allegations in Paragraph 7 of Plaintiff's Complaint.

**(Parties)**

8.      As to the allegations in Paragraph 8 of Plaintiff's Complaint, the Hocking College Defendants admit that Caden Cox was a student at Hocking College and that he was employed by Hocking College as a student employee.  Answering further, Paragraph 8 states legal conclusions to which no response is required.  The Hocking College Defendants deny the remaining allegations in Paragraph 8.

9.      The Hocking College Defendants admit the allegations in Paragraph 9 of Plaintiff's Complaint.

10.     As to the allegations in Paragraph 10 of Plaintiff's Complaint, the Hocking College Defendants admit that Defendant Young is and was the President of Hocking College. The Hocking College Defendants otherwise deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11.     As to the allegations in Paragraph 11 of Plaintiff's Complaint, the Hocking College Defendants admit that Defendant Kmosko was an employee of Hocking College and that Defendant Kmosko supervised Plaintiff. The remaining allegations in Paragraph 11 state legal conclusions to which no response is required.

12.     The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore deny the same.

13.     The Hocking College Defendants deny the allegations in Paragraph 13 of Plaintiff's Complaint.

14.     The Hocking College Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     The Hocking College Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     The Hocking College Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     The Hocking College Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     The Hocking College Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     The Hocking College Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

**(Factual Allegations)**

20.     As to the allegations contained in Paragraph 20 of Plaintiff's Complaint, the Hocking College Defendants admit that Defendant Kmosko was hired by Hocking College on June 29, 2021.  Answering further, the Hocking College Defendants admit that Defendant Kmosko was hired for the position Coordinator, Student Center and Campus Recreation.  The Hocking College Defendants deny the remaining allegations in Paragraph 20.

21.     The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore deny the same.

22.     As to the allegations contained in Paragraph 22 of Plaintiff's Complaint, the Hocking College Defendants admit that Defendant Young approved Defendant Kmosko for hire. The Hocking College Defendants deny the remaining allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23.     The Hocking College Defendants admit the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     The Hocking College Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     The Hocking College Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     The Hocking College Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     In response to the allegations contained in Paragraph 27 of Plaintiff's Complaint, the Hocking College Defendants state that the performance review speaks for itself, and otherwise deny any remaining allegations inconsistent with the performance review.

28.     The Hocking College Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     The Hocking College Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     As to the allegations contained in Paragraph 30 of Plaintiff's Complaint, the Hocking College Defendants admit that three Hocking College student-employees submitted complaints concerning Defendant Kmosko, state that the complaints speak for themselves, and otherwise deny any remaining allegations inconsistent with the complaints.

31.     The Hocking College Defendants admit the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     In response to the allegations contained in Paragraph 32 of Plaintiff's Complaint, the Hocking College Defendants state that the complaint speaks for itself, and otherwise deny any remaining allegations inconsistent with the complaint.

33.     In response to the allegations contained in Paragraph 33 of Plaintiff's Complaint, the Hocking College Defendants state that the complaint speaks for itself, and otherwise deny any remaining allegations inconsistent with the complaint.

34. In response to the allegations contained in Paragraph 34 of Plaintiff's Complaint, the Hocking College Defendants state that the complaint speaks for itself, and otherwise deny any remaining allegations inconsistent with the complaint.

35. As to the allegations contained in Paragraph 35 of Plaintiff's Complaint, the Hocking College Defendants admit that two of the three student-employees who filed complaints were transferred to another supervisor. The Hocking College Defendants further admit that both the Hocking College employee who investigated the complaints and Defendant Young spoke with Defendant Kmosko about expected behavior. The Hocking College Defendants otherwise deny any remaining allegations contained in Paragraph 35

36. The Hocking College Defendants admit the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint and therefore deny the same.

38. The Hocking College Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.

39. The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint and therefore deny the same.

40. As to the allegations in Paragraph 40 of Plaintiff's Complaint, the Hocking College Defendants admit that Mari Cox sent an email, state that the email speaks for itself, and otherwise deny any remaining allegations contained in Paragraph 40.

41.     The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint and therefore deny the same.

42.     The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint, and therefore deny the same.

43.     As to the allegations contained in Paragraph 43 of Plaintiff's Complaint, the Hocking College Defendants admit that there is surveillance camera video but are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and therefore deny the same.

44.     The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint and therefore deny the same.

45.     The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint and therefore deny the same.

46.     The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Complaint and therefore deny the same.

47.     The Hocking College Defendants admit the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     The Hocking College Defendants admit the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint and therefore deny the same.

50. As to the allegations contained in Paragraph 50 of Plaintiff's Complaint, the Hocking College Defendants admit that Plaintiff met with Ms. Marcum on May 17, 2022. The Hocking College Defendants deny the remaining allegations contained in Paragraph 50 of Plaintiff's Complaint

51. As to the allegations contained in Paragraph 51 of Plaintiff's Complaint, the Hocking College Defendants admit that Defendant Kmosko met with the Hocking College Police Department and Hocking College Human Resources on May 17, 2022. The Hocking College Defendants deny the remaining allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. In response to the allegations contained in Paragraph 52 of Plaintiff's Complaint, the Hocking College Defendants state that Defendant Kmosko's personnel file speaks for itself. Answering further, the Hocking College Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Complaint and therefore deny the same.

53. As to the allegations contained in Paragraph 53 of Plaintiff's Complaint, the Hocking College Defendants admit that Defendant Kmosko resigned from Hocking College. The Hocking College Defendants deny the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. In response to the allegations contained in Paragraph 54 of Plaintiff's Complaint, the Hocking College Defendants state that the court documents speak for itself, and otherwise deny any remaining allegations inconsistent with the court documents. Answering further, the Hocking

College Defendants admit that Defendant Kmosko was issued a no trespass order. The Hocking College Defendants deny the remaining allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     The Hocking College Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint and therefore deny the same.

57.     The Hocking College Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     The Hocking College Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     In response to the allegations contained in Paragraph 59 of Plaintiff's Complaint, the Hocking College Defendants state that the email speaks for itself, and otherwise deny any remaining allegations inconsistent with the email.

60.     In response to the allegations contained in Paragraph 60 of Plaintiff's Complaint, the Hocking College Defendants admit that Plaintiff received nominations for more than one award, and otherwise deny any remaining allegations inconsistent with the nominations.

61.     In response to the allegations contained in Paragraph 61 of Plaintiff's Complaint, the Hocking College Defendants admit that the graduation committee met on November 10, 2022 to review nominations. The Hocking College Defendants otherwise deny any remaining allegations contained in Paragraph 61.

62. The Hocking College Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. In response to the allegations contained in Paragraph 63 of Plaintiff's Complaint, the Hocking College Defendants admit that Kevin Cox sent an email to Stephanie DiFrancesco and Diane Wolf, state that the email speaks for itself, and otherwise deny any remaining allegations contained in Paragraph 63.

64. The Hocking College Defendants admit the allegations contained in Paragraph 64 of the Complaint.

65. The Hocking College Defendants admit the allegations contained in Paragraph 65 of the Complaint.

66. The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint and therefore deny the same.

67. In response to the allegations contained in Paragraph 67 of Plaintiff's Complaint, the Hocking College Defendants admit that Plaintiff's counsel sent a letter to Defendant Young on December 2, 2022, state that the letter speaks for itself, and otherwise deny any allegations inconsistent with the letter.

68. The Hocking College Defendants admit the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint and therefore deny the same.

70. The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint and therefore deny the same.

71. The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's Complaint and therefore deny the same.

72. In response to the allegations contained in Paragraph 72 of Plaintiff's Complaint, the Hocking College Defendants deny that any awards were taken away from Plaintiff. Answering further, the Hocking College Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's Complaint and therefore deny the same.

73. The Hocking College Defendants admit the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. As to the allegations contained in Paragraph 74 of Plaintiff's Complaint, the Hocking College Defendants admit that Autumn 2022 Commencement took place Saturday, December 10, 2022, admit that Plaintiff was a member of the graduating class, admit that Plaintiff participated in commencement, and admit that Plaintiff received the Inspirational Award. The Hocking College Defendants deny the remaining allegations contained in Paragraph 74.

75. As to the allegations contained in Paragraph 75 of Plaintiff's Complaint, the Hocking College Defendants admit that the student who received the Trustee Award was not an original nominee. The Hocking College Defendants deny the remaining allegations contained in Paragraph 75.

76.    In response to the allegations contained in Paragraph 76 of Plaintiff's Complaint, the Hocking College Defendants admit that Plaintiff's counsel sent a letter to Hocking College through its counsel on January 10, 2023, state that the letter speaks for itself, and otherwise deny any allegations inconsistent with the letter.

77.    In response to the allegations contained in Paragraph 77 of Plaintiff's Complaint, the Hocking College Defendants admit that Kevin Cox and Mari Cox were employed by Hocking College on January 10, 2023, admit that Chrystal Marcum sent an email to Kevin Cox and Mari Cox on January 10, 2023, state that the email speaks for itself, and otherwise deny any allegations inconsistent with the email.

78.    As to the allegations contained in Paragraph 78 of Plaintiff's Complaint, the Hocking College Defendants admit that Plaintiff is a former student of Hocking College.  The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78 of Plaintiff's Complaint and therefore deny the same.

79.    The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 of Plaintiff's Complaint and therefore deny the same.

80.    In response to the allegations contained in Paragraph 80 of Plaintiff's Complaint, the Hocking College Defendants admit that Kevin Cox and Mari Cox were instructed to use leave time to cover their absence from work.  The Hocking College Defendants otherwise deny the remaining allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiff's Complaint and therefore deny the same.

82.     The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of Plaintiff's Complaint and therefore deny the same.

83.     The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's Complaint and therefore deny the same.

84.     The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiff's Complaint and therefore deny the same.

85.     The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiff's Complaint and therefore deny the same.

86.     The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiff's Complaint and therefore deny the same.

87.     The Hocking College Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.     As to the allegations contained in Paragraph 88 of Plaintiff's Complaint, the Hocking College Defendants admit that employees are directed to the Employee Handbook and asked to sign an acknowledgement that the employee has received/reviewed the Employee

Handbook, state that the acknowledgement speaks for itself, and otherwise deny any allegations contained in Paragraph 88 of Plaintiff's Complaint that are inconsistent with the acknowledgement.

89. As to the allegations contained in Paragraph 89 of Plaintiff's Complaint, the Hocking College Defendants admit that Defendant Kmosko was directed to the Employee Handbook and asked to sign an acknowledgement that he received/reviewed the Employee Handbook, admit that Defendant Kmosko signed the acknowledgement, state that the acknowledgement speaks for itself, and otherwise deny any allegations contained in Paragraph 89 of Plaintiff's Complaint that are inconsistent with the acknowledgement.

90. As to the allegations contained in Paragraph 90 of Plaintiff's Complaint, the Hocking College Defendants admit that the College has adopted various policies applicable to employees, state that the policies speak for themselves, and otherwise deny any allegations contained in Paragraph 90 that are inconsistent with the policies.

91. Paragraph 91 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. The allegations contained in Paragraph 91 of Plaintiff's Complaint state legal conclusions to which no response is required.

92. The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of Plaintiff's Complaint and therefore deny the same.

93. The Hocking College Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94. The Hocking College Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.    The Hocking College Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.    The Hocking College Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.    The Hocking College Defendants admit the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.    The Hocking College Defendants admit the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.    Paragraph 99 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 99 of Plaintiff's Complaint state legal conclusions to which no response is required.  Answering further, the Hocking College Defendants deny that there was a delay in Hocking College's response to Plaintiff's assault complaint against Defendant Kmosko.

**(First Claim for Relief—Disability Discrimination under
the Americans with Disabilities Act)**

100.    In response to Paragraph 100 of Plaintiff's Complaint, the Hocking College Defendants incorporate their responses to Paragraphs 1 through 99 above as if fully restated herein.

101.    As to the allegations contained in Paragraph 101 of Plaintiff's Complaint, the Hocking College Defendants admit that the College receives Federal Funding.  The remaining allegations contained in Paragraph 101 of Plaintiff's Complaint state legal conclusions to which no response is required.

102.    Paragraph 102 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  The allegations contained in Paragraph 102 of Plaintiff's Complaint state legal conclusions to which no response is required.

103. Paragraph 103 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. Paragraph 103 of Plaintiff's Complaint state legal conclusions to which no response is required.

104. As to the allegations contained in Paragraph 104 of Plaintiff's Complaint, the Hocking College Defendants admit that the Americans with Disabilities Act ("ADA") prohibits discrimination against persons with disabilities, state that the text of the ADA speaks for itself, and otherwise deny any allegations contained in Paragraph 104 that are inconsistent with the text of the ADA.

105. The Hocking College Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106. The Hocking College Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107. Paragraph 107 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. Paragraph 107 of Plaintiff's Complaint state legal conclusions to which no response is required.

108. Paragraph 108 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. Paragraph 108 of Plaintiff's Complaint state legal conclusions to which no response is required.

**(Second Claim for Relief—Disability Retaliation**
**in Violation of the Americans with Disabilities Act)**

109. In response to Paragraph 109 of Plaintiff's Complaint, the Hocking College Defendants incorporate their responses to Paragraphs 1 through 108 above as if fully restated herein.

110. Paragraph 110 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. Paragraph 110 of Plaintiff's Complaint states legal conclusions to which no response is required.

111. Paragraph 111 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. Paragraph 111 of Plaintiff's Complaint states legal conclusions to which no response is required.

112. Paragraph 112 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. Paragraph 112 of Plaintiff's Complaint states legal conclusions to which no response is required.

113. The Hocking College Defendants deny the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114. The Hocking College Defendants deny the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115. The Hocking College Defendants deny the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116. Paragraph 116 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. Paragraph 116 of Plaintiff's Complaint states legal conclusions to which no response is required.

117. The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of Plaintiff's Complaint and therefore deny the same.

118. The Hocking College Defendants deny the allegations contained in Paragraph 118 of Plaintiff's Complaint.

119.    Paragraph 119 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 119 of Plaintiff's Complaint states legal conclusions to which no response is required.

120.    Paragraph 120 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 120 of Plaintiff's Complaint states legal conclusions to which no response is required.

**(Third Claim for Relief—Violation of Section 504 of the Rehabilitation Act of 1973)**

121.    In response to Paragraph 121 of Plaintiff's Complaint, the Hocking College Defendants incorporate their responses to Paragraphs 1 through 120 above as if fully restated herein.

122.    As to the allegations contained in Paragraph 122 of Plaintiff's Complaint, the Hocking College Defendants state that the text of the Rehabilitation Act speaks for itself, and otherwise deny any allegations contained in Paragraph 122 that are inconsistent with the text of the Rehabilitation Act.

123.    As to the allegations contained in Paragraph 123 of Plaintiff's Complaint, the Hocking College Defendants admit that Hocking College receives Federal financial assistance. The remaining allegations in Paragraph 123 state legal conclusions to which no response is required.

124.    Paragraph 124 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  The allegations contained in Paragraph 124 of Plaintiff's Complaint state legal conclusions to which no response is required.

125.    Paragraph 125 of Plaintiff's Complaint states legal conclusions to which no response is required.  The Hocking College Defendants otherwise deny the remaining allegations contained in Paragraph 125 of Plaintiff's Complaint.

126.    Paragraph 126 of Plaintiff's Complaint states legal conclusions to which no response is required.  The Hocking College Defendants otherwise deny the remaining allegations contained in Paragraph 126 of Plaintiff's Complaint.

127.    Paragraph 127 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 127 of Plaintiff's Complaint states legal conclusions to which no response is required.

128.    Paragraph 128 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 128 of Plaintiff's Complaint states legal conclusions to which no response is required.

**(Fourth Claim for Relief—Disability Retaliation
in Violation of Section 504 of the Rehabilitation Act of 1973)**

129.    In response to Paragraph 129 of Plaintiff's Complaint, the Hocking College Defendants incorporate their responses to Paragraphs 1 through 128 above as if fully restated herein.

130.    Paragraph 130 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 130 of Plaintiff's Complaint states legal conclusions to which no response is required.

131.    The Hocking College Defendants admit the allegations contained in Paragraph 131 of Plaintiff's Complaint.

132. Paragraph 132 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. The allegations contained in Paragraph 132 of Plaintiff's Complaint state legal conclusions to which no response is required.

133. Paragraph 133 of Plaintiff's Complaint states legal conclusions to which no response is required. The Hocking College Defendants otherwise deny the remaining allegations contained in Paragraph 133 of Plaintiff's Complaint.

134. Paragraph 134 of Plaintiff's Complaint states legal conclusions to which no response is required. The Hocking College Defendants otherwise deny the remaining allegations contained in Paragraph 134 of Plaintiff's Complaint.

135. Paragraph 135 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. Paragraph 135 of Plaintiff's Complaint states legal conclusions to which no response is required.

136. Paragraph 136 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. Paragraph 136 of Plaintiff's Complaint states legal conclusions to which no response is required.

**(Fifth Claim for Relief—Supervisory Liability)**

137. In response to Paragraph 137 of Plaintiff's Complaint, the Hocking College Defendants incorporate their responses to Paragraphs 1 through 136 above as if fully restated herein.

138. Paragraph 138 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. Paragraph 138 of Plaintiff's Complaint states legal conclusions to which no response is required.

139. The Hocking College Defendants deny the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140. The Hocking College Defendants deny the allegations contained in Paragraph 140 of Plaintiff's Complaint.

141. The Hocking College Defendants deny the allegations contained in Paragraph 141 of Plaintiff's Complaint.

142. Paragraph 142 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. Paragraph 142 of Plaintiff's Complaint states legal conclusions to which no response is required.

143. Paragraph 143 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. Paragraph 143 of Plaintiff's Complaint states legal conclusions to which no response is required.

144. Paragraph 144 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. Paragraph 144 of Plaintiff's Complaint states legal conclusions to which no response is required.

145. Paragraph 145 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. Paragraph 145 of Plaintiff's Complaint states legal conclusions to which no response is required.

146. Paragraph 146 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny. Paragraph 146 of Plaintiff's Complaint states legal conclusions to which no response is required.

**(Sixth Claim for Relief—Violation of Right to Bodily Integrity Under the Fourth and Fourteenth Amendments to the United States Constitution)**

147.    In response to Paragraph 147 of Plaintiff's Complaint, the Hocking College Defendants incorporate their responses to Paragraphs 1 through 146 above as if fully restated herein.

148.    Paragraph 148 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 148 of Plaintiff's Complaint states legal conclusions to which no response is required.

149.    Paragraph 149 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 149 of Plaintiff's Complaint states legal conclusions to which no response is required.

150.    The Hocking College Defendants deny the allegations contained in Paragraph 150 of Plaintiff's Complaint.

151.    The Hocking College Defendants deny the allegations contained in Paragraph 151 of Plaintiff's Complaint.

152.    The Hocking College Defendants deny the allegations contained in Paragraph 152 of Plaintiff's Complaint.

153.    Paragraph 153 of Plaintiff's Complaint states legal conclusions to which no response is required.  The Hocking College Defendants otherwise deny the remaining allegations contained in Paragraph 153 of Plaintiff's Complaint.

154.    The Hocking College Defendants deny the allegations contained in Paragraph 154 of Plaintiff's Complaint.

155.    The Hocking College Defendants deny the allegations contained in Paragraph 155 of Plaintiff's Complaint.

156.     Paragraph 156 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 156 of Plaintiff's Complaint states legal conclusions to which no response is required.

157.     Paragraph 157 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 157 of Plaintiff's Complaint states legal conclusions to which no response is required.

158.     Paragraph 158 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 158 of Plaintiff's Complaint states legal conclusions to which no response is required.

159.     Paragraph 159 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 159 of Plaintiff's Complaint states legal conclusions to which no response is required.

160.     The Hocking College Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of Plaintiff's Complaint and therefore deny the same.

161.     Paragraph 161 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 161 of Plaintiff's Complaint states legal conclusions to which no response is required.

162.     Paragraph 162 of Plaintiff's Complaint states legal conclusions to which no response is required.  The Hocking College Defendants otherwise deny the remaining allegations contained in Paragraph 162 of Plaintiff's Complaint.

163.    Paragraph 163 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 163 of Plaintiff's Complaint states legal conclusions to which no response is required.

164.    Paragraph 164 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 164 of Plaintiff's Complaint states legal conclusions to which no response is required.

165.    Paragraph 165 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 165 of Plaintiff's Complaint states legal conclusions to which no response is required.

**(Seventh Claim for Relief—Unlawful Disability Discrimination)**

166.    In response to Paragraph 166 of Plaintiff's Complaint, the Hocking College Defendants incorporate their responses to Paragraphs 1 through 165 above as if fully restated herein.

167.    The Hocking College Defendants admit the allegations contained in Paragraph 167 of Plaintiff's Complaint.

168.    As to the allegations contained in Paragraph 168 of Plaintiff's Complaint, the Hocking College Defendants admit that R.C. § 4112.022 speaks for itself and otherwise deny any allegations contained in Paragraph 168 that are inconsistent with the text of R.C. § 4112.022.

169.    The Hocking College Defendants admit the allegations contained in Paragraph 169 of Plaintiff's Complaint.

170.    The Hocking College Defendants deny the allegations contained in Paragraph 170 of Plaintiff's Complaint.

171.    Paragraph 171 of Plaintiff's Complaint states legal conclusions to which no response is required.  The Hocking College Defendants otherwise deny the remaining allegations contained in Paragraph 171 of Plaintiff's Complaint.

172.    The Hocking College Defendants deny the allegations contained in Paragraph 172 of Plaintiff's Complaint.

173.    Paragraph 173 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 173 of Plaintiff's Complaint states legal conclusions to which no response is required.

174.    Paragraph 174 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 174 of Plaintiff's Complaint states legal conclusions to which no response is required.

175.    Paragraph 175 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 175 of Plaintiff's Complaint states legal conclusions to which no response is required.

**(Eighth Claim for Relief—Intentional Infliction of Emotional Distress)**

176.    In response to Paragraph 176 of Plaintiff's Complaint, the Hocking College Defendants incorporate their responses to Paragraphs 1 through 175 above as if fully restated herein.

177.    Paragraph 177 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 177 of Plaintiff's Complaint states legal conclusions to which no response is required.

178.     Paragraph 178 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 178 of Plaintiff's Complaint states legal conclusions to which no response is required.

179.     Paragraph 179 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 179 of Plaintiff's Complaint states legal conclusions to which no response is required.

180.     Paragraph 180 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 180 of Plaintiff's Complaint states legal conclusions to which no response is required.

181.     Paragraph 181 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 181 of Plaintiff's Complaint states legal conclusions to which no response is required.

182.     Paragraph 182 of Plaintiff's Complaint states legal conclusions to which no response is required.  The Hocking College Defendants otherwise deny the remaining allegations contained in Paragraph 182 of Plaintiff's Complaint.

183.     Paragraph 183 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 183 of Plaintiff's Complaint states legal conclusions to which no response is required.

184.     Paragraph 184 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 184 of Plaintiff's Complaint states legal conclusions to which no response is required.

185.     Paragraph 185 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 185 of Plaintiff's Complaint states legal conclusions to which no response is required.

186.     Paragraph 186 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 186 of Plaintiff's Complaint states legal conclusions to which no response is required.

187.     Paragraph 187 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 187 of Plaintiff's Complaint states legal conclusions to which no response is required.

**(Ninth Claim for Relief—Assault)**

188.     In response to Paragraph 188 of Plaintiff's Complaint, the Hocking College Defendants incorporate their responses to Paragraphs 1 through 187 above as if fully restated herein.

189.     Paragraph 189 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 189 of Plaintiff's Complaint states legal conclusions to which no response is required.

190.     The Hocking College Defendants deny the allegations contained in Paragraph 190 of Plaintiff's Complaint.

191.     Paragraph 191 of Plaintiff's Complaint does not contain allegations of facts the Hocking College Defendants can admit or deny.  Paragraph 191 of Plaintiff's Complaint states legal conclusions to which no response is required.

192.     Any assertion or other matter addressed in Plaintiff's Complaint, not specifically admitted herein, is hereby denied.

WHEREFORE, having answered Plaintiff's averments, the Hocking College Defendants deny that Plaintiff is entitled to any other relief sought from the Hocking College Defendants.  The Hocking College Defendants hereby assert the following defenses, which may include one or more affirmative defenses.

## DEFENSES

1.     The Hocking College Defendants are entitled to any statutory and common law defenses, privileges, and immunities applicable to Plaintiff's claims under federal and state law, including political subdivision tort liability immunity under Ohio Revised Code Chapter 2744, and qualified immunity.

2.     The negligent and/or intentional acts of others, for whom the Hocking College Defendants are not responsible, were intervening, superseding and/or proximate causes of the damages alleged in this action.

3.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

4.     Plaintiff has not been deprived of any constitutional or statutory right.

5.     Plaintiff is unable to establish the elements required for relief.

6.     The Hocking College Defendants exercised reasonable care to prevent and correct any alleged discriminatory and/or harassing acts or behavior on the part of Defendant Hocking College's employees.

7.     The Hocking College Defendants reserve the right to amend its Answer and these affirmative defenses as the case progresses.

WHEREFORE, the Hocking College Defendants respectfully request that the Plaintiff's Complaint be dismissed with prejudice at Plaintiff's cost, and the Court award the Hocking College

Defendants reasonable attorney fees and such other relief to which the Hocking College Defendants are entitled.

Respectfully submitted,

**DAVE YOST (0056290)**
**Ohio Attorney General**

*/s/ Mia Meucci Yaniko*

_____
MIA MEUCCI YANIKO (0083822)
*Trial Counsel*
KAITLYN M. KACHMARIK (0095993)
Assistant Attorneys General
Education Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Telephone:  (614) 644-7250
Facsimile:   (614) 644-7634
Mia.Yaniko@OhioAGO.gov
Kaitlyn.Kachmarik@OhioAGO.gov

*Counsel for Hocking College Board of Trustees*
*and Betty Young*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on July 7, 2023.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's systems.

The undersigned further certifies that a copy of the foregoing will be sent to the following by ordinary U.S. mail on July 7, 2023:

Matthew Kmosko
110 W. Washington Street, Apt. 104
Nelsonville, OH 45764
*Defendant*

*s/ Mia Meucci Yaniko*

_____
MIA MEUCCI YANIKO (0083822)
Assistant Attorney General