**IN THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION
COLUMBUS, OHIO**

| | | |
|---|---|---|
| **CADEN COX, by and through his next friend and mother, MARI COX** | : : : | |
| **Plaintiff,** | : : | **JUDGE EDMUND A. SARGUS** |
| | : | **MAGISTRATE JUDGE JOLSON** |
| **v.** | : : | **CASE NO.: 2:23-cv-1598** |
| **HOCKING COLLEGE BOARD OF TRUSTEES, et al.;** | : : : | |
| **Defendants.** | : : | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT MATTHEW KMOSKO**

Plaintiff Caden Cox ("Plaintiff") respectfully moves for default judgment against Defendant Matthew Kmosko ("Defendant") in the above-captioned action ("Action"). Plaintiff states that Defendant was served with summons and a copy of the Complaint and has failed to plead or answer the Complaint. An Entry of Default (ECF No. 30) was filed by the Clerk of Court following Plaintiff's filing of an Application for Entry of Default (ECF No. 29). Consequently, Plaintiff moves that judgment be entered in Plaintiff's favor on the claims asserted against Defendant.

For the purposes of this Motion, Plaintiff is only requesting judgment on the claims asserted against Defendant, but not on damages. Plaintiff requests that a damages hearing be held at a later date to be determined by this Court, following completion of discovery and submission of Plaintiff's expert report.

2

        Respectfully submitted,

        ***/s/ Mark A. Weiker, Esq.***
        Mark A. Weiker (0086413)
        Jessica N. Moore (0101098)
        ABDNOUR WEIKER, LLP
        262 S. 3rd Street
        Columbus, Ohio 43215
        P: (614) 745-2001
        F: (614) 417-5081
        E: mark@education-rights.com
        E: jessica@education-rights.com
        *Counsel for Plaintiff Caden Cox*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT AGAINST DEFNDANT MATTHEW KMOSKO**

On February 14, 2024, Plaintiff filed an Application for Entry of Default (ECF No. 29), and an Entry of Default (ECF No. 30) was subsequently filed by the Clerk on February 15, 2024. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff respectfully moves the Court for default judgment against Defendant, Matthew Kmosko.

**I.      INTRODUCTION**

Plaintiff was a 23-year-old student at Hocking College at the time of the alleged misconduct. As an individual with a disability, Plaintiff soared past every barrier to become the first student with Down Syndrome to play college football. His incredible story of determination and perseverance has been praised and publicized in newspapers, magazines, and on television, bringing considerable positive attention to Hocking College. Using Plaintiff's story and likeness, Hocking College has marketed the school as an inclusive institution, accessible to all students. ECF No. 1 at 2. During his enrollment as a student, Plaintiff was also employed by Hocking College in the Student Recreation Center. *Id.*

Plaintiff brought this Action seeking redress for Defendant's persistent derogatory, discriminatory, and abusive verbal harassment, which culminated in May 2022 when Defendant held Plaintiff at knifepoint in a campus bathroom during his work shift. *Id.* Plaintiff has suffered and continues to suffer significant emotional trauma including anxiety, fear, depression, nightmares, and trouble sleeping as a result of Defendant's unlawful and tortious conduct. *Id.* at 3.

Plaintiff has served Defendant in accordance with the federal rules and Ohio state law. Defendant failed to enter appearances or file responsive pleadings within the prescribed period. Due to Defendant's failure to respond, the Clerk has entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 30.

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *DT Fashion LLC v. Cline*, No. 2:16-CV-1117, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (Sargus, C.J.) (citation omitted). First, "[a] plaintiff must . . . request an entry of default from the Clerk of Courts." *Id.* (citing Fed. R. Civ. P. 55(a)). Second, "[u]pon the Clerk's entry of default, 'the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.'" *Id.* (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015)); *see also Bd. of Trustees of Ohio Laborers' Fringe Benefits Programs v. Dan Ray Constr.*, No. 2:17-CV-00180, 2018 WL 2435184, at *1 (S.D. Ohio May 30, 2018) (Sargus, C.J.) ("When ruling on a motion for default judgment, a plaintiff's well-pleaded allegations as to the defendant's liability are normally accepted as true." (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)).

## III. LEGAL ANALYSIS

### A. Defendant Kmosko Is In Default

Plaintiff has requested an entry of default from the Clerk of Courts, which has been approved. See ECF Nos. 29 and 30. Plaintiff effectuated service on Defendant on July 7, 2023, in accordance with Ohio R. Civ. P. 4.1(E), which authorizes personal service on Defendant by a

qualified civil process server. See ECF No. 29 (reflecting summary of process by which Plaintiff effectuated service on Defendant) and ECF No. 13. Defendant failed to enter an appearance or file a responsive pleading. As a result, on February 14, 2024, Plaintiff filed an Application for Entry of Default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 29. The Clerk entered default against Defendant on February 15, 2024. ECF No. 30. Plaintiff has successfully served Defendant in accordance with federal and Ohio state law. The Clerk has entered default as to the Defendant and, as a result, the Court should proceed to enter default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

B.    **Plaintiff's Claims Against Defendant Kmosko**

Plaintiff's Complaint asserts claims against Defendant Kmosko on the following claims:

(1) Disability discrimination under the Americans with Disabilities Act ("ADA") (Count I);
(2) Violation of Section 504 of the Rehabilitation Act of 1973 ("Section 504" or "Rehabilitation Act") (Count III);
(3) Violation of right to bodily integrity under the Fourth and Fourteenth Amendments to the United States Constitution (Count VI);
(4) Intentional infliction of emotional distress (Count VIII); and
(5) Assault (Count IX).

However, Plaintiff recognizes that, "the Sixth Circuit has expressly held that employees of a covered entity, even those employed as supervisors, are not subject to civil liability under the ADA unless they themselves meet the definition of an 'employer.'" *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 , n. 1 (6th Cir. 1999)("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases.")(*citing Wathen v. General Electric*, 115 F.3d 400, 404-05, n. 6 (6th Cir. 1997). Further, Plaintiff similarly acknowledges that individuals may not be held liable under the Rehabilitation

5

Act. *Jones v. Potter*, 2014 U.S. Dist. LEXIS 164185, at *3 (W.D. Ky., Nov. 20, 2014)(*citing Hiler v. Brown*, 177 F.3d 542, 545-47 (6th Cir. 1999). For these reasons, Plaintiff is not seeking judgment against Defendant Kmosko on Count I and Count III under the ADA and Rehabilitation Act, respectively. Plaintiff therefore only seeks judgment against Defendant on Counts VI, VIII and IX.

> 1. *Plaintiff has sufficiently pled a violation of the right to bodily integrity under 42 U.S.C. § 1983.*

Section 1 of the Civil Rights Act of 1871, codified at 42 U.S.C. § 1983 ("Section 1983"), states in pertinent part that any "person who, under color of any statute, . . . of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in . . . [any] proper proceeding for redress." 42 U.S.C. § 1983. "There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (*citing Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)). In Count VI, Plaintiff alleges that Defendant violated his right to bodily integrity under the Fourth and Fourteenth Amendments of the Constitution. ECF No. 1 at 27.

> i. Plaintiff sufficiently pled that Defendant violated his right to bodily integrity under the Fourth Amendment of the U.S. Constitution.

The Fourth Amendment provides a person's right "to be secure in their person[] . . .against unreasonable searches and seizures…." U.S. Const. amend. IV. The Sixth Circuit has further held that an invasion of bodily integrity by a person acting under the color of state law violates the victim's Fourth Amendment rights. See *Hinds v. Bush*, No. 20-12032, 2024 U.S. Dist. LEXIS

17876, at *6 (E.D. Mich., Jan. 2, 2024) (citing *Carnes v. Hall*, No. 7:22-CV-31-REW-EBA, 2023 WL 2759067, at *7 (E.D. Ky. Mar. 29, 2023), *Whitledge v. City of Dearborn*, No. 18-11444, 2019 U.S. Dist. LEXIS 149944, 2019 WL 4189496, at *7 (E.D. Mich. Sept. 4, 2019), and *Derrick v. M.I.N.T.*, No. CV 19-13109, 2020 U.S. Dist. LEXIS 202710, 2020 WL 7017384, at *3 (E.D. Mich. Sept. 16, 2020)).

First, Plaintiff has established that Defendant acted under color of state law at all times that he was working as an employee at Hocking College. ECF No. 6. Second, Plaintiff has established in his Complaint that Defendant's conduct deprived Plaintiff of his right to bodily integrity under the Fourth Amendment. See ECF No. at 27. Specifically, "the May 12, 2022 incident involving Plaintiff's physical confinement and assault with a deadly weapon in the Hocking College Student Center bathroom" by Defendant as alleged by Plaintiff "constitutes a deprivation of Plaintiff's right to bodily integrity…." Plaintiff has established that Defendant, in acting in his capacity as a public employee of Hocking College, invaded Plaintiff's bodily integrity through physical confinement and assault with a deadly weapon in violation of the Fourth Amendment. *Id.*

> ii. Plaintiff sufficiently pled that Defendant violated his right to bodily integrity under the Fourteenth Amendment of the U.S. Constitution.

To state a cause of action under Section 1983 for violation of the Due Process Clause of the Fourteenth Amendment, "Plaintiffs must show that they have asserted a recognized liberty or property interest within the purview of the Fourteenth Amendment and that they were intentionally or recklessly deprived of that interest, even temporarily, under color of state law." *In Re Cincinnati Radiation Litigation*, 874 F. Supp. 796, 810 (S.D. Ohio 1995). "The right to be free of state-

sponsored invasion of a person's bodily integrity is protected by the Fourteenth Amendment guarantee of due process." *Id.* at 810-11.

Plaintiff has established in his Complaint that he had the right to be free of invasion of his bodily integrity. See ECF No. at 27. Plaintiff also established in his Complaint that he was intentionally or recklessly deprived of that interest under color of state law. *Id.* Specifically, Plaintiff alleged that on Thursday, May 12, 2022, while Plaintiff was working his shift at Hocking College, Defendant intentionally followed him into the bathroom, physically blocked the exit, and began to scream at Plaintiff to change the trash while pointing a black-handled, silver knife at Plaintiff's chest. *Id.* at 10. The Hocking College surveillance camera footage captured Defendant walking in and out of the bathroom carrying the weapon. *Id.* at 11. When Plaintiff was able to return to the front desk, shaken and scared, he received a phone call from Defendant, who said, "Caden, I see you through the window. Get up and do something." Then, he hung up. *Id.* Plaintiff has established that Defendant, in acting in his capacity as a public employee of Hocking College, intentionally deprived Plaintiff of his bodily integrity through physical confinement and assault with a deadly weapon in violation of the Due Process Clause of the Fourteenth Amendment. *Id.*

### 2. *Plaintiff has sufficiently pled a claim of Intentional Infliction of Emotional Distress.*

The prima facie elements of a claim for intentional or reckless infliction of emotional distress ("IIED") are: (1) the defendant intended to or recklessly caused the plaintiff serious emotional distress; (2) the defendant's conduct was extreme and outrageous; and (3) the defendant's conduct was the proximate cause of plaintiff's serious emotional distress. *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 410, 644 N.E.2d 286 (1994).

The Complaint establishes that Defendant intentionally and recklessly caused Plaintiff's emotional distress. ECF No. 1 at 32. "In the context of an IIED claim, intent concerns whether the defendant intended to subject the victim to severe emotional distress." *King v. Curtis*, No. 1:14-CV-403 2016 U.S. Dist. LEXIS 174902 (W.D. Mich., Dec. 8, 2016). Precisely, Plaintiff has established that Defendant intentionally harassed, abused, and assaulted Plaintiff. ECF No. 1 at 32. Defendant intentionally followed Plaintiff into the bathroom, physically blocked the exit, and began to scream at Plaintiff to change the trash while pointing a black-handled, silver knife at Plaintiff's chest. *Id.* at 10. Any reasonable person in Defendant's position would have knowledge that misconduct such as Defendant's would inflict serious emotional damage upon Plaintiff. ECF No. 1 at 32.

Second, Plaintiff has established that Defendant's conduct was objectively extreme, outrageous, and completely outside the bounds of human decency. *Id.* "Extreme or outrageous conduct is that which goes beyond the bounds of decency and would be considered atrocious and utterly intolerable in civilized society." *Webster v. United Auto Workers, Local 51*, 394 F.3d 436, 443 (6th Cir. 2005). The Sixth Circuit has found that conduct including sending a barrage of threatening letters to a plaintiff and leaving weapons on a plaintiff's vehicles was "sufficiently extreme and outrageous to justify recovery for intentional infliction of emotional distress." *Haverbush v. Powelson*, 217 Mich. App. 228, 234-35 (Mich. Ct. App. 1996). Here, Plaintiff was falsely imprisoned, and his life was threatened at knifepoint, following months of harassment and abuse based upon his disability. Like the defendant's conduct in *Haverbush*, Defendant's conduct clearly goes beyond the bounds of decency and would be utterly intolerable in civilized society.

Finally, the Complaint establishes that as a direct and proximate result of Defendant's egregious conduct inflicted upon Plaintiff, he has suffered and continue to suffer significant emotional distress, including, but not limited to anxiety, depression, nightmares, insomnia, intense fear, and stress in and around campus, as well as increased agitation. ECF No. 1 at 32. The injuries inflicted by Defendant were of a nature that no reasonable person in Plaintiff's position should be expected to endure. *Id.* at 33. Thus, Plaintiff has sufficiently pled all elements to plead a claim of IIED.

### 3. *Plaintiff has sufficiently pled a claim of assault.*

Under Ohio law, "an assault is an unlawful offer or attempt, coupled with a present ability, to inflict an injury upon the person of another." *Woods v. Miamisburg City Schools*, 254 F. Supp. 2d 868, 878 (S.D. Ohio 2003). The Complaint establishes that Defendant intentionally and unlawfully offered to inflict an injury upon Plaintiff on May 12, 2022 when he cornered him in a Hocking College bathroom and threatened Plaintiff with a knife. ECF No. 1 at 33. The use of a knife shows a present ability to inflict an injury upon Plaintiff. Defendant was charged and found guilty of assault in Perry County Municipal Court as a result of the May 12, 2022 incident. *Id.*

## IV. DAMAGES

For the purposes of this Motion, Plaintiff is only requesting judgment on the claims asserted, but not on damages awarded. Plaintiff requests that a damages hearing be held at a later date to be determined by this Court, following completion of discovery and submission of Plaintiff's expert report.

## V. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court enter judgment against Defendant Matthew Kmosko for: a violation of right to bodily integrity under the Fourth and Fourteenth Amendments to the United States Constitution (Count VI); intentional infliction of emotional distress (Count VIII); and assault (Count IX).

Respectfully submitted,

*/s/ Mark A. Weiker, Esq.*
Mark A. Weiker (0086413)
Jessica N. Moore (0101098)
ABDNOUR WEIKER, LLP
262 S. 3rd Street
Columbus, Ohio 43215
P: (614) 745-2001
F: (614) 417-5081
E: mark@education-rights.com
E: jessica@education-rights.com
*Counsel for Plaintiff Caden Cox*

**CERTFICATE OF SERVICE**

      The undersigned hereby certifies that on March 12, 2024, copies of the foregoing Motion for Default Judgment Against Defendant Matthew Kmosko were filed electronically and notice of this filing will be sent to all parties by operation of the Court's ECF system, except that a copy of the foregoing will be sent to the following by ordinary U.S. mail on the same date:

Matthew Kmosko
110 W. Washington Street, Apt. 104
Nelsonville, OH 45764
*Last known address of Defendant*

                                                    */s/ Mark A. Weiker, Esq.*
                                                    Mark A. Weiker (0086413)