IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CADEN COX, by and through his**
**next friend and mother MARI COX,**

      **Plaintiff,**

   v.                                                         **Civil Action 2:23-cv-1598**

                                                     **Magistrate Judge Kimberly A. Jolson**

**HOCKING COLLEGE BOARD**
**OF TRUSTEES, et al.,**

      **Defendants,**

## ORDER

    This matter is before the Court on Plaintiff's Motion for Default Judgment Against Defendant Matthew Kmosko. (Doc. 34). Citing Defendant Kmosko's failure to plead or otherwise respond to the complaint in this action, Plaintiff applied for an entry of default. (Doc. 29). The Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a) as to Defendant Kmosko on February 15, 2024. (Doc. 30). Plaintiff then moved for default judgment. (Doc. 34).

    "In order to obtain a default judgment, a plaintiff must properly serve a defendant with a copy of the summons and complaint in accordance with the Federal Rules of Civil Procedure and applicable state rules." *Coleman v. Sonoda Eng'g, Ltd.*, No. CIV. A. 06-10-JBC, 2006 WL 6292644, at *1 (E.D. Ky. Oct. 25, 2006); *see also Wilson v. A&K Rock Drilling, Inc*, No. 2:16-CV-739, 2016 WL 4836685, at *1 (S.D. Ohio Sept. 15, 2016). "[I]f service of process was not proper, the court must set aside an entry of default." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.") (citation omitted); *see United States v.*

*Nat'l Muffler Mfg., Inc.*, 125 F.R.D. 453, 455 (N.D. Ohio 1989) ("Plaintiff's failure to serve defendant with a signed and sealed summons cannot be regarded as a mere oversight . . . The provisions of Rule 4[ ] are designed to assure a defendant that the summons was issued by the clerk of court and not by plaintiff or plaintiff's attorney.").

Federal Rule of Civil Procedure 4(a)(1) requires a summons contain seven elements, including the clerk's signature, the court's seal, and a notification that failure to appear and defend will result in default judgment. *See also* Ohio R. Civ. P. 4(B).  In their application for entry of default, Plaintiff purports that Kmosko was served pursuant to Rule 4.  (Doc. 29; *see also* Doc. 34 at 5 ("Plaintiff has successfully served Defendant in accordance with federal and Ohio state law.")).  The record reflects an affidavit that Kmosko was served with the complaint on July 7, 2023.  (Doc. 13 (affidavit of service for summons and complaint declaring Kmosko was personally served by a civil process server on 7/7/2023 at the Hometown Piggly Wiggly in The Plains, Ohio)).  But the docket entry contains only a proof of service affidavit.  It does not include the summons document itself.  So, the Court is unable to evaluate its compliance with all the requirements of the Federal Rule of Civil Procedure 4(a)(1).

Accordingly, Plaintiff is **ORDERED** to file a copy of the summons he served on Defendant Kmosko on or before April 29, 2024, to allow for consideration of the motion for default judgment.

IT IS SO ORDERED.

Date:  April 23, 2024  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE