IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CADEN COX, by and through his
next friend and mother MARI COX,**

      **Plaintiff,**

  v.                                  Civil Action 2:23-cv-1598

                                        Magistrate Judge Kimberly A. Jolson

**HOCKING COLLEGE BOARD
OF TRUSTEES, et al.,**

      **Defendants,**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment Against Defendant Matthew Kmosko. (Doc. 34). For the following reasons, the Motion is **DENIED without prejudice.** The Court **SETS ASIDE** the entry of default (Doc 30). Plaintiff is **ORDERED** to file a status report in the next seven (7) days updating the Court on how he intends to proceed.

**I.    BACKGROUND**

This action, in which the parties have consented to the jurisdiction of the Magistrate pursuant to 28 U.S.C. § 636(c) (Docs. 8, 11), involves serious allegations of unlawful discrimination and retaliation, civil rights violations, the intentional infliction of emotional distress, and assault. (*See generally* Doc. 1). Plaintiff Caden Cox is a former student and former student-employee of Hocking College, a public community college in Nelsonville, Ohio. (*Id.* at 1). Plaintiff brought this action against the Hocking College Board of Trustees, Hocking College President Dr. Betty Young, Hocking College former employee Matthew Kmosko, and five

unknown Hocking College employees. (*See generally id.*).

Plaintiff is an individual with Down Syndrome. (*Id.* at 2). Plaintiff worked as a student-employee at the Hocking College Student Recreation Center in 2021 and 2022. (*Id.*). In July 2021, Kmosko became his supervisor. (*Id.* at ¶¶ 20, 36). Plaintiff alleges that soon after Kmosko took this role, he began "persistent derogatory, discriminatory, and abusive verbal harassment of Plaintiff" that "culminated in May[] 2022 when Mr. Kmosko held Plaintiff at knifepoint in a campus bathroom during his work shift." (*Id.* at 2).

Plaintiff asserted five claims against Kmosko in either his individual or official capacity as a Hocking College employee: (1) disability discrimination under the American with Disabilities Act; (2) violation of Section 504 of the Rehabilitation Act of 1973; (3) violation of the right to bodily integrity under the Fourth and Fourteenth Amendments to the United States Constitution; (4) intentional infliction of emotional distress; and (5) assault. (Doc. 1 at ¶¶ 100–108, 121–128, 147–165, 176–191).

To date, Defendant Kmosko has not appeared or pled in this action. On February 14, Plaintiff applied for an entry of default against him. (Doc. 29 ("The applicable time limit for the above-named Defendant to appear or otherwise respond . . . expired on July 28, 2023.")). The next day, the Clerk entered default against Kmosko pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 30). Plaintiff then moved for default judgment. (Doc. 34).

Since filing the Motion for Default Judgment, Plaintiff and the other Defendants participated in successful mediation. (*See* Doc. 33). Plaintiff and Defendants Hocking College Board of Trustees and Dr. Betty Young then filed a Stipulated Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 37). The stipulation dismissed all claims against those Defendants and all claims against Defendant Kmosko in his official capacity as an

employee of Hocking College. (*Id.*). The stipulation further specified that claims brought by Plaintiff against Kmosko in his individual capacity would remain. (*Id.*). This leaves Plaintiff's intentional infliction of emotional distress and assault claims against Kmosko outstanding. (*See id.*; Doc. 1 at ¶¶ 176–191).

II. **DISCUSSION**

"In order to obtain a default judgment, a plaintiff must properly serve a defendant with a copy of the summons and complaint in accordance with the Federal Rules of Civil Procedure and applicable state rules." *Coleman v. Sonoda Eng'g, Ltd.*, No. CIV. A. 06-10-JBC, 2006 WL 6292644, at *1 (E.D. Ky. Oct. 25, 2006); *see also Wilson v. A&K Rock Drilling, Inc*, No. 2:16-CV-739, 2016 WL 4836685, at *1 (S.D. Ohio Sept. 15, 2016). Federal Rules of Civil Procedure 4(a)(1)(F) and (G) require a summons "be signed by the clerk" and "bear the court's seal." *See also* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."); Ohio R. Civ. P. 4(B) ("The summons shall be signed by the clerk . . . .").

In their application for the entry of default, Plaintiff purports that Kmosko was served pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Doc. 29; *see also* Doc. 34 at 5 ("Plaintiff effectuated service . . . in accordance with Ohio R. Civ. P. 4.1(E), which authorizes personal service on Defendant by a qualified process server . . . Plaintiff has successfully served Defendant in accordance with federal and Ohio state law.")). Plaintiff filed an affidavit completed by a civil process server affirming that Kmosko was served with the summons and complaint on July 7, 2023. (Doc. 13 (proof of service that Kmosko was personally served at the Hometown Piggly Wiggly in The Plains, Ohio)). But the docket does not reflect that a summons was ever

3

signed, sealed, or issued by the Clerk.

The Court directed Plaintiff to file a copy of the summons served on Defendant Kmosko. (*See generally* Doc. 38). Yet the summons Plaintiff provided does not bear either the clerk's signature or the court's seal. (Doc. 39 at 1). Service therefore has not been effected. *Byrd v. JP Morgan Chase*, No. 2:18-CV-506, 2018 WL 11432505, at *1 (S.D. Ohio Dec. 13, 2018) (holding service had not been effected when the summons was not signed by the clerk or bore the court's seal); *see United States v. Nat'l Muffler Mfg., Inc.*, 125 F.R.D. 453, 455 (N.D. Ohio 1989) ("Plaintiff's failure to serve defendant with a signed and sealed summons cannot be regarded as a mere oversight . . . The provisions of Rule 4[ ] are designed to assure a defendant that the summons was issued by the clerk of court and not by plaintiff or plaintiff's attorney.").

"[I]f service of process was not proper, the court must set aside an entry of default." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.") (citation omitted); *Wilson*, No. 2016 WL 4836685, at *1 (denying a motion for default judgment because there was no indication the defendant had been served with a summons signed by the clerk or that bore the court's seal); *Coleman*, 2006 WL 6292644, at *1 (same); *see Phelps v. Am. Gen. Fin. Servs.*, No. CIV. 08-CV-10552, 2008 WL 3978318, at *3 (E.D. Mich. Aug. 22, 2008) ("Even if Plaintiff's motion was proper procedurally, the relief requested should still be denied because a default judgment may be properly granted only after the plaintiff has shown that defendants have been served as required by the Federal Rules . . . The summons served . . . are not signed by the Clerk and do not bear the Court's seal."). Because the record shows service has not been effected, the Court cannot grant Plaintiff's Motion, and the entry of default against Defendant Kmosko must be set aside.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment Against Defendant Matthew Kmosko is **DENIED without prejudice** (Doc. 34).  The Court **SETS ASIDE** the entry of default (Doc 30).  Plaintiff is **ORDERED** to file a status report in the next seven (7) days updating the Court on how he intends to proceed.

IT IS SO ORDERED.

Date:   April 25, 2024                                                  /s/ Kimberly A. Jolson
                                                                                          KIMBERLY A. JOLSON
                                                                                          UNITED STATES MAGISTRATE JUDGE